UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DETRA WILEY PATE,

    Petitioner,

vs.                                           Case No. 5:22-cv-172/TKW/MAL

KEVIN D. PISTRO, Psyd.,
WARDEN, F.C.I. MARIANNA

    Respondent.
_____/

## REPORT AND RECOMMENDATION

    Petitioner, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking credits to which she contends she is due under the First Step Act, and challenging the BOP's decision-making process with respect to her placement on home confinement ("HC") under the CARES Act. ECF No. 1 at 7. Respondent filed a Motion to Dismiss for Failure to Exhaust Administrative Remedies as to Ground One and for Lack of Jurisdiction as to Ground Two. ECF No. 9.[1] Petitioner filed a reply, ECF No. 13, as well as an addendum seeking to add another claim related to the FSA credits. ECF No. 14. For the reasons discussed below, the undersigned concludes that the habeas petition

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

should be denied and dismissed, the motion to dismiss should be denied as moot, and Petitioner's addendum, construed as a motion to amend, should be denied.

## I. Procedural History

Petitioner Detra Wiley Pate is a 58-year old inmate currently in custody at the Federal Correctional Institution, Marianna, with a projected release date of March 18, 2027.[2] On October 17, 2018, Petitioner was sentenced in the United States District Court for the Southern District of Georgia to a total term of 121 months' imprisonment after a jury convicted her of conspiracy to commit health care fraud, 24 counts of health care fraud and eight counts of aggravated identity theft in Case 1:18cr8-JRH-BKE-1.[3] She was remanded to custody on August 14, 2019 after violating her conditions of release. Case 1:18cr8-JRH-BKE, ECF No. 201. The Eleventh Circuit affirmed her convictions and sentence in April of 2021. Case 1:18cr8-JRH-BKE, ECF No. 198. Petitioner has not filed any post-conviction motions, including a motion for compassionate release in her criminal case.

## II. Petitioner's § 2241 Petition

In August of 2022, Petitioner filed the instant petition for writ of habeas

---

[2] Petitioner's release date has been the same since at least November 9, 2022, the date Respondent filed his motion to dismiss. ECF No. 9 at 3.

[3] Petitioner was also ordered to pay $950,000.00 in restitution, which has already been paid. *See* ECF No.1-1 at 19; S.D. Ga. Case 1:18cr8-JRH-BKE ECF No. 201 at 17-18. It appears that $849,413.38 that had been held in escrow by Medicare was credited against the restitution obligation as a recovery "made by the Defendant's victim through separate means." S.D. Ga. Case 1:18cr8-JRH-BKE ECF Nos. 196, 197.

corpus under 28 U.S.C. § 2241. Her petition, which is substantially similar to that filed by several other inmates at the same institution, raises two grounds for relief. First, Petitioner seeks an order directing the BOP to apply all her First Step Act ("FSA") credits in excess of 365 days to her sentence computation. ECF No. 1 at 7, 19. Her second claim relates to Home Confinement ("HC"). She seeks an order compelling the BOP (1) to cease from requiring her to have served 50% of her sentence in order to qualify for HC (a claim she later seems to abandon); (2) to disclose why she was previously deemed inappropriate for HC; and (3) to reconsider and resubmit her for HC under the CARES Act. *Id.* at 7, 19. Finally, Petitioner contends she is qualified for HC because she meets the "high risk" and "vulnerability" factor for such a placement under the CARES Act. ECF 1 at 17.

Petitioner's supporting memorandum of law is also in many respects identical to the memoranda submitted by inmates presenting similar challenges. Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). Although the exhaustion requirement is not jurisdictional, it is a requirement. *Id.* at 475. As to this issue, Petitioner claims "she has indeed exhausted the BOP's required 'Administrative Remedy Process' and provides proof hereto." ECF No. 1 at 11; *see also* p. 19. Petitioner actually did not provide proof she fully exhausted her administrative remedies before filing her petition. In tacit recognition of this, she

also states "[b]ased on the BOP's vague responses, any further attempts by Petitioner to have this matter resolved by the BOP would prove to be futile and would not promote Petitioner's goal." *Id.* at 11-12.[4]

In lieu of filing a response, Respondent moved to dismiss the petition. ECF No. 9. Respondent asserts Petitioner failed to exhaust her administrative remedies as to Ground One and further notes her claim is moot because her FSA credits have been calculated and applied since she filed her petition. *Id.* at 18. With respect to Ground Two, Respondent maintains (1) the BOP has properly used "time served" as a criterion for HC placements; (2) the BOP did not abuse its discretion when it denied Petitioner HC under the CARES Act; and (3) this Court does not have jurisdiction to direct the BOP to place Petitioner on home confinement. *Id.* at 20-23. Respondent also argues that Petitioner's motion is more akin to a motion for compassionate release. *Id.* at 23.

In her reply, Petitioner concedes the BOP has complied with the FSA and

---

[4] Petitioner's suggestion that attempts at exhaustion would be futile is not well taken. This Court has noted "there are grounds for doubt that a futility exception is available on a § 2241 petition in this circuit." *Perez v. Joseph,* 2022 WL 2181090, at *2 (N.D. Fla. May 4, 2022) (quoting *Tankersley v. Fisher*, 2008 WL 4371797, at *3 (N.D. Fla. September 22, 2008)), *report and recommendation adopted*, 2022 WL 2176505 (N.D. Fla. Jun. 15, 2022). The Eleventh Circuit has held that there is no futility exception applicable to the exhaustion requirement in a § 2241 proceeding. *Id.,*(citing *McGee v. Warden, FDC Miami,* 487 F. App'x 516, 518 (11th Cir. 2012) (rejecting argument that futility exception applicable to exhaustion prior to bringing a § 2254 petition is applicable to exhaustion requirement for a § 2241 petition); *Moore v. Colon*, 2020 WL 5868179, at *4 (S.D. Fla. July 27, 2020), *report and recommendation adopted*, 2020 WL 5848687 (S.D. Fla. Sept. 30, 2020) (finding argument that exhaustion would be futile inapplicable to § 2241 cases)).

accurately applied the credits she is due, and Ground One is moot as to this portion of her claim. ECF No. 13 at 11. However, she still requests the Court find "Respondent is in error in taking the position that she was required to use the Administrative Remedy process to secure the BOP's compliance with the FSA," *id.* at 6, citing a plethora of non-binding cases for the proposition that exhaustion should not be required in this case. *Id.* at 8. Because Petitioner's underlying substantive claim is moot, there is no remaining case or controversy with respect to Ground One of her petition. "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Soliman v. United States ex rel. INS,* 296 F. 3d 1237, 1242 (11th Cir. 2002) (citations omitted). In fact, "dismissal is required because mootness is jurisdictional." *Id.* (citations omitted). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id.* (citations omitted). Therefore, Ground One must be dismissed on this basis.

As to Ground Two, Petitioner focuses in her reply on her disagreement with the BOP's decision not to designate her to HC. She emphasizes her underlying medical conditions and her increased risk of contracting COVID-19.[5] She also rebuts Respondent's claim of failure to exhaust, by reporting that since filing her petition

---

[5] Respondent notes "Petitioner has refused a Covid immunization on three occasions." ECF No. 9 at 23; ECF No. 9-14 at 1).

she has received the outstanding administrative remedy response from the Office of General Counsel and therefore has fully exhausted her administrative remedies.[6] ECF No. 13 at 50; *see* ECF No. 9-1 at ¶ 35. Petitioner complains the final administrative response is "unclear" and "provided Petitioner no reason she was denied." *Id.* at 19. This does not appear to be a fair assessment. Ian Connors, Administrator of National Inmate Appeals, states in his response Petitioner was deemed ineligible for placement "[f]ollowing further review of your individual circumstances *to include your medical status and specific role in your current offense*." *Id.* at 50 (emphasis added). Petitioner seemingly has never acknowledged her role in her current offense as a factor in the BOP's decision with respect to HC. The Court also notes the percentage of Petitioner's sentence served is not mentioned as a factor under consideration in the Central Office response.

The undersigned does not read the petition as requesting outright that Petitioner be placed on HC. If it had, Petitioner would not be entitled to relief, as the BOP has the sole authority to designate a prisoner's place of confinement. *See, e.g., United States v. Witt*, 43 F. 4th 1188, 1198 n. 6 (11th Cir. 2022). And, a prisoner has no liberty interest in being transferred to home detention because there is no constitutionally protected interest in the place of confinement. *See e.g. Sills v. FCI*

---

[6] Although Respondent has raised the exhaustions defense, the Court may skip over the exhaustion issue and address the merits of the petition. *See Santiago-Lugo,* 785 F. 3d at 475 (citing *Granberry v. Greer*, 481 U.S. 129, 131 (1987)).

*Talladega Warden,* 2023 WL 1775725, at *3 (11th Cir. 2023); *Williams v. Flournoy*, 732 F. App'x 810, 812 (11th Cir. 2018) (discussing *Meachum v. Fano*, 427 U.S. 215 (1976); *McKune v. Lile*, 536 U.S. 24 (2002)). Absent such, the prisoner is not entitled to due process protection in relation to a decision regarding her placement on home confinement. *Sills*, 2023 WL 1775725, at *3. Similarly, neither Petitioner's dissatisfaction with the BOP's decision nor her speculation that her particular health risks were not properly considered provides a basis for this Court to order the BOP to revisit its discretionary decision. Petitioner is not entitled to relief on Ground Two of her petition.

In March of 2023, Petitioner submitted an addendum in which she makes an additional request for relief. ECF No. 14. She asks the Court to require the BOP to recalculate her "Time Credit Factor." She states that her latest "FSA Time Credit Assessment dated 2-11-2023 shows the BOP is applying 10 days [of credit] to certain date ranges and 15 days to other date ranges" resulting in an improper reduction in the amount of RRC/HC credits from 130 to 70. *Id.* at 2. Petitioner has included copies of Assessments and Classification forms that she contends support her claim. What she has not included is evidence that she has presented this issue to prison officials via the institutional grievance process for them to have the opportunity to address this issue in the first instance. *Santiago-Lugo*, *supra*; *Jaimes v. United States*, 168 F. App'x 356, 358-59 (11th Cir. 2006) (affirming dismissal of § 2241

petition for failure to exhaust because inmate sought to challenge the computation of sentence credits without first going through the BOP's administrative remedy procedure); *see also Rey v. Warden, FCC Coleman-Low*, 359 F. App'x 88, 91 (11th Cir. 2009) (affirming denial of § 2241 challenging the BOP's calculation of credit for time served because petitioner failed to exhaust administrative remedies). Therefore, Petitioner's addendum, construed as a motion to amend her petition for writ of habeas corpus to add an additional claim will be denied due to her failure to exhaust her administrative remedies.

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus should be denied and dismissed. Petitioner has obtained the FSA credits she sought in Ground One and there is no justiciable issue remaining. Furthermore, she is not entitled to relief on Ground Two. Respondent's motion to dismiss should be denied as moot.

Accordingly, it is respectfully **RECOMMENDS** that:

1. The petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED and DISMISSED**.

2. Respondent's "Motion to Dismiss…" (ECF No. 9) be **DENIED as MOOT**.

3. Petitioner's "Addendum" construed as a motion to amend (ECF No. 14) is **DENIED.**

4. The Clerk of Court be directed to close the file.

At Gainesville, Florida, on August 2, 2023.

s/ <u>*Midori A. Lowry*</u>
Midori A. Lowry
United States Magistrate Judge

## **<u>NOTICE TO THE PARTIES</u>**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.